**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL EARL JOHNSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **CIVIL ACTION NO. 14-0457-WS-B** |
| **DEWAYNE ESTES,** | : | |
| **Respondent.** | : | |
| | : | |

### Report and Recommendation

Michael Earl Johnson, a state inmate in the custody of Respondent Dewayne Estes,[1] has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Johnson challenges the validity of his 2007 conviction for first-degree domestic violence in the Circuit Court of Marengo County, Alabama. (Doc. 1 at 2). This action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. Following a thorough review of the petition and record, the undersigned finds that an evidentiary hearing is not warranted.[2]

---

[1]   This petition was originally filled against Respondent Carter Davenport (Doc. 1), but was amended on July 8, 2015 to reflect the current warden of St. Clair Correctional Facility, Dewayne Estes.  (Doc. 11).

[2]   Because Johnson filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).

Having carefully considered Johnson's petition, Respondent's answer, and Johnson's reply, the undersigned finds that Johnson's petition is due to be denied. Accordingly, it is recommended that Johnson's habeas petition be denied in its entirety, that judgment be entered in favor of Respondent and against Petitioner, Michael Earl Johnson, and that if Johnson seeks the issuance of a certificate of appealability, his request be denied, along with any request to appeal *in forma pauperis*.

## I. Background and Facts.

On November 14, 2006, the Marengo County, Alabama grand jury returned an indictment charging Johnson with first-degree domestic violence for an assault on Barbara Little in violation of Ala. Code § 13A-6-130. (Doc. 6-1 at 8-9). Johnson was convicted of the indicted charge following a jury trial (Doc. 1 at 2; Doc. 6-4 at 47, 49), where the following facts were presented: [3]

---

"AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1337 (11th Cir. 2004). Johnson has failed to establish that an evidentiary hearing is warranted in this case. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

[3] AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence." *Bui v. Haley*, 321 F. 3d 1304, 1312 (11th Cir. 2003) (citing 28

"The State presented testimony that Johnson and
[Barbara] Little had been involved in an intimate
relationship for approximately three months; that
Little had terminated the relationship; and that
Johnson had continued to contact Little.  On the
morning of May 17, 2006, Little opened the door
to leave her house and she saw Johnson.  Johnson
asked her why she had not returned his telephone
call, and he hit Little in the face with his
fist, knocking her down.  Johnson struck Little
repeatedly in the face with his fists; he kicked
Little after she fell to the ground; he choked
Little with the cord from an electric iron; he
struck Little with a stool and a radio; and he
bit Little on the face.  Little testified that
she tried to escape from the house and that when
she did, Johnson got a knife from the kitchen.
Little said that when she saw that Johnson had a
knife, her 'body went numb,' and she did not
remember anything after that until she awoke in a
pool of blood and saw the knife, with a bent
blade, beside her on the floor.  She had suffered
a stab wound to her side while she was 'blacked
out.'  Little picked up the knife and
straightened the blade, and she attempted to
leave the house several times, but Johnson
blocked her exit.  Little was finally able to go
out the side door and she ran into the street."

"Little testified that the blows Johnson
inflicted to the left side of her head damaged
her left eye so severely that the eye had to be
surgically replaced with a prosthesis.  The stab
wound damaged Little's liver, requiring surgical
repair.  The right side of Little's face was
damaged, Little said, because Johnson bit her and

---

U.S.C. § 2254(e)(1)).  "This presumption of correctness
applies equally to factual determinations made by state
trial and appellate courts."  *Id.* (citing *Sumner v. Mata*,
449 U.S. 539, 547, 101 S. Ct. 764, 66 L. Ed. 2d 722
(1981)).  These facts are recited in the unpublished
memorandum opinion of the Alabama Court of Criminal Appeals
on Johnson's direct appeal of his trial and conviction.
*See Johnson v. State*, (CR-06-2014, June 20, 2008), 26 So.
3d 508 (Ala. Crim. App. 2008).  (Doc. 6-14 at 3-4).

removed a 'piece of meat out of the side' of her
face."

"Johnson testified that he went to Little's house
to get information from her about medicine for
his high blood pressure.  Johnson asked Little
why she had not answered his telephone calls.
Johnson testified that Little pulled on his
shoulder and he 'turned around and punched her as
hard as [he] could.'  Johnson said that Little
then approached him carrying a knife in one hand
and a rubber mallet in the other hand, Johnson
said, so he grabbed her arms and pinned her
against a wall.  Johnson stated that Little was
pressing toward him while she was restrained and
as a result, 'I felt like I had to bite her.'
Johnson sustained knife wounds to his arm and
head during the incident."

*Johnson v. State*, (CR-06-2014, June 20, 2008), 26 So. 3d
508 (Ala. Crim. App. 2008). (Doc. 6-14 at 3-4).  On August
9, 2007, after a guilty conviction, Johnson was sentenced
to 25 years in the state penitentiary for the first-degree
domestic violence.  (Doc. 6-4 at 69).

Through representation of counsel, Johnson directly
appealed his conviction. He argued that the trial court
erred when it allowed the admission into evidence of a
police report documenting previous allegations against
Johnson of rape and physical violence against a minor
victim.  Specifically, he argued (1) that the police report
was not a business record under Rule 803(6) of the Alabama
Rules of Evidence and was, therefore, not an exception to
the rule against hearsay, and (2) that the trial court

4

erred when it refused to give jury instructions on self-defense. (Doc. 6-6 at 4). On June 20, 2008, the Alabama Court of Criminal Appeals issued an unpublished memorandum decision affirming Johnson's conviction. The court reasoned the police report had been admitted into evidence at trial without objection and, therefore, had not been preserved for appellate review, and that the allegation of error regarding the jury instructions was meritless because the trial transcript reflected the jury was in fact instructed on self-defense.  (Doc. 6-7 at 2-5). Johnson's petition for writ of certiorari in the Alabama Supreme Court was denied and a certificate of judgment issued on September 12, 2008. (Doc. 6-9 at 2).

On November 14, 2008, Johnson executed a post-conviction Rule 32 petition and submitted the same, along with an *In Forma Pauperis* declaration.  (Doc. 6-10 at 2-23). [4] The circuit court granted Johnson indigency status,

_____

[4]    The circuit court denied the petition as being without merit on September 25, 2009.  (Doc. 6-10 at 51).  Johnson appealed the denial to the Alabama Court of Criminal Appeals, but on April 30, 2010, the appellate court dismissed the appeal because the record revealed the circuit court failed to grant Johnson *in forma pauperis* status nor did Johnson pay the filing fee; thus, the appellate court opined that Johnson's rule 32 petition and request to proceed *in forma pauperis* stood as filed in the circuit court awaiting ruling - making the circuit court's summary denial void and leaving Johnson with no judgment to appeal. (Doc. 6-11).  Johnson subsequently filed a

and on June 4, 2013, entered an order denying and summarily dismissing Johnson's Rule 32 petition. (Doc. 6-12 at 9-11). Johnson then appealed the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals. (Doc. 6-14 at 2-14). He reasserted the same claims he raised in the trial court, namely that his trial counsel was ineffective for failing to request that the circuit court instruct the jury on the lesser-included offense of second degree domestic violence and for failing to object to the "admission of a police report as hearsay"; and that his appellate counsel was ineffective for filing a "frivolous meritless brief." (Doc. 6-14 at 4-5). The Criminal Appeals Court denied all three claims on the merits and affirmed the circuit court's judgment. (Doc. 6-14 at 2-14). Johnson's application for rehearing was denied on July 11, 2014 (Doc. 6 at 12), as was his petition for writ of certiorari in the Supreme Court of Alabama. A certificate of judgment issued on September 12, 2014. (Doc. 6-16 at 2).

Johnson timely filed the instant petition for federal habeas relief on September 26, 2014, challenging his 2007

---

petition for a writ of mandamus, which was granted by the Court of Criminal Appeals, ordering the circuit court to take action on his *in forma pauperis* request. (Doc. 6-12 at 7).

conviction for first-degree domestic violence. (Doc. 1 at 12). In his petition for habeas relief, Johnson raises the same three claims of ineffective assistance of counsel as raised in his Rule 32 petition. (Doc. 1 at 6-8; Doc. 6-14 at 2-14)). The habeas petition has been fully briefed and is ripe for consideration. The Court will consider each of Johnson's claims in turn.

## II. Standard of Review.

This Court's review of Johnson's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, "the role of the federal court . . . is strictly limited." *Jones v. Walker*, 496 F.3d 1216, 1226 (11th Cir. 2007). Specifically, § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a

> State court, a determination of a factual issue
> made by a State court shall be presumed to be
> correct. The applicant shall have the burden of
> rebutting the presumption of correctness by clear
> and convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the way the United States Supreme Court did on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *Price v. Vincent*, 538 U.S. 634, 641, 123 S. Ct. 1848, 155 L. Ed. 2d 877 (2003)(a federal court will disturb a state habeas court's decision on the merits only if the petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the United States or if the decision rested upon an unreasonable factual determination.).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v.*

8

*Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 786-87, 178 L. Ed. 2d 624 (2011).  In other words, "if some fair-minded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . .[T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." *Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011); *see also Greene v. Fisher*, 565 U.S. 34, 132 S. Ct. 38, 181 L. Ed. 2d 336 (2011) (AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice system, and not as a means of error correction") (citations and internal quotation marks omitted); *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) (AEDPA standard "is a difficult to meet ... and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt")(citations and internal quotation marks omitted).

Accordingly, in evaluating Johnson's § 2254 petition, the Court takes great care to abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." *Hill v.*

9

*Humphrey*, 662 F.3d 1335, 1355 (11th Cir. 2011); *see also Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1286, 2012 U.S. App. LEXIS 6501 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit."). Having established the proper standard of review, the Court turns to Johnson's ineffective assistance of counsel claims.

**III. Discussion.**

As noted *supra*, Johnson presents three ineffective assistance of counsel claims. A two-prong standard, discussed in *Strickland v. Washington*, has been adopted by the Supreme Court for evaluating claims of ineffective assistance of counsel. *Strickland*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To satisfy the requirements of this two-prong standard, "[a] petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (citing *Strickland*, 466 U.S. at 687). Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim, courts applying the *Strickland* test "are free to dispose of ineffectiveness claims on either of [*Strickland's*] two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998).

In order to satisfy the "performance" prong of the *Strickland* test, a petitioner is required to show that his attorney's representation "fell below an objective standard of reasonableness," which is measured by "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688.  That is, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.  In considering such a claim, the court "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v. Singletary*, 170 F. 3d 1051, 1053 (11th Cir. 1999) (citations omitted).  Thus, the petitioner has a difficult burden as to be considered unreasonable, "the performance must be such that 'no competent counsel would have taken the action that [the petitioner's] counsel did take.'" *Ball v. United States*, 271 F. App'x 880 (11th Cir. 2008)(citations omitted).

The petitioner must also satisfy the "prejudice" prong of the *Strickland* test.  To that end, the petitioner must show that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id*. The petitioner "must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.'" *Butcher v. United States*, 368 F.3d 1290, 1293, 95 F. App'x 1290 (11th Cir. 2004) (citations omitted). Further, it is not enough to satisfy the prejudice prong to merely show that the alleged errors affected the case in some imaginable way. *See id*. at 1293-1294. ("[T]hat the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice") (quoting *Strickland*, 466 U.S. at 693) (internal quotation marks omitted). Thus, "under the exacting rules and presumptions set forth in *Strickland*, 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Windom v. Sec'y, Dep't of Corr.*, 578 F.3d 1227, 1248 (citations omitted).

Ground 1. Failure to Request Instructions on Lesser-Included Offense.

As to claim one, the undersigned finds no merit to Petitioner Johnson's allegation that his trial counsel's failure to request a jury instruction on the lesser-

included offense of second-degree domestic violence [5] constituted ineffective assistance of counsel. (Doc. 1 at 6).

---

[5]   Johnson was convicted of first degree domestic violence which occurs when a person does any of the following to a person with whom a domestic relationship exists:

> (1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or
>
> (2) With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such an injury to any person; or
>
> (3) Under circumstances manifesting extreme indifference to the value of human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person.

Ala. Code § 13A-6-130 (a)

    Second-degree domestic violence occurs when a person does either of the following to a person with whom a domestic relationship exists:

> (1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person.
>
> (2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument. . .

Ala. Code § 13A-6-131(a)(1), (2).

Johnson contends that the evidence presented at trial proved only that he hit the victim with his fists, not that he intentionally stabbed her with a steak knife; thus, he was entitled to a jury instruction for the lesser-included offense of second-degree domestic violence.  (Doc. 1 at 6).  The circuit court, in summarily dismissing Johnson's Rule 32 petition, concluded that:

> "[t]here clearly was no rational basis for the request for the jury to consider second-degree domestic violence as a lesser-included offense of first-degree domestic violence where [Johnson] used a deadly weapon, i.e. a steak knife, and stabbed the victim in the stomach and beat her in the face to the extent that she lost the use of one eye."

(Doc. 6-14 at 5).

In reviewing Johnson's claim on appeal, the Alabama Court of Criminal Appeals discussed the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 68 (1984), and the fact that it controls the evaluation of ineffective assistance of counsel's claims.  In affirming the circuit court's dismissal of this claim, the Alabama Court of Criminal Appeals held that "although Johnson contends that his trial counsel should have requested a jury instruction on the lesser-included offense of second-degree domestic violence, there was no reasonable theory

from the evidence to support a jury instruction for second-degree domestic violence.   (Doc. 6-14 at 9-10).

The court further found:

> The uncontradicted evidence presented at trial established that Johnson and Little had been in a dating relationship and that Johnson "cause[d] serious physical injury to [Little] by means of a deadly weapon or a dangerous instrument," § 13A-6-20, Ala. Code 1975. Specifically, that Johnson beat Little with a stool and a radio, and stabbed Little with a kitchen knife. Additionally, at trial, Johnson conceded that he stabbed Little with the knife, (Record on Direct Appeal, r. 142), but claimed that he was acting in self defense. As a result of the attack, it was uncontradicted that Little's left eye was so severely damaged that the eye had to be surgically removed and replaced with a prosthesis, and that Little's liver was so damaged from the stab wound that she had to undergo surgery to repair it.. .

> Although Johnson contends that his trial counsel should have requested that the circuit court instruct the jury on the lesser-included offense of second-degree domestic violence. . ., the evidence at trial established that Johnson used a deadly weapon or dangerous instrument to inflict serious physical injury on Little. Consequently, there was no rational basis for such an instruction.

> Because there existed no basis for a jury instruction for second-degree domestic violence, Johnson's trial counsel was not ineffective for failing to request that instruction. See *Magwood*, 689 So.2d at 979 ("None of the issues in Magwood's petition have merit and counsel cannot be ineffective for not raising meritless issues."). Accordingly, the circuit court did not err when it summarily dismissed this claim.

(Doc. 6-14 at 11-12). As noted, Johnson contends that "[t]he only evidence at trial that supported the indictment was the evidence of Mr. Johnson using hi[s] fists to assault [the] victim. . .[and that] fists and other body parts are not considered deadly weapons or dangerous instruments" (Doc. 9 at 3); thus, he was entitled to a jury instruction on the lesser-included offense of second degree domestic violence. However, the state courts found otherwise based on the evidence regarding the weapons used (i.e. knife, stool and radio) and the severity of the victim's injuries. When state courts have already answered the question of how an issue would have been resolved under that state's law had defense counsel done what the petitioner argues he should have done, "[i]t is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'" *Callahan v. Campbell*, 427 F. 3d 897, 932 (11th Cir. 2005)(citation omitted); *Jones v. Sec'y, Dept. of Corr.,* 487 Fed. Appx. 563 (11th Cir. 2012)(court held that it would not "second guess" the Florida state courts' conclusion that the shotgun was admissible under state evidentiary law; thus, the petitioner could not demonstrate that his counsel was deficient for failing to object to the admission of the

shotgun, and his counsel was not deficient for failing to raise a meritless claim.).

In this case, the state courts determined that given the undisputed evidence that the victim was stabbed in the side with a deadly weapon, and suffered serious bodily injuries, it would not have been rational under the circumstances to give an instruction on the lesser second degree offense. Given said finding that the lesser offense was not justified under state law, defense counsel was not deficient for failing to raise the issue.  Therefore, this Court finds that the decision of the Alabama state court was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and that the state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1).

Alternately, the undersigned finds, on de novo review, that *assuming arguendo* that defense counsel's failure to request an instruction on the lesser-included offense was deficient, Johnson has nevertheless failed to establish prejudice as a result alleged deficiency. In *Harris v. Crosby*, 151 Fed. Appx. 736 (11th Cir. 2009), the Eleventh Circuit addressed a petitioner's ineffective assistance of counsel claim based on counsel's failure to request a

lesser-included offense instruction.  In denying the claim, the court held that:

> [the petitioner's] assertions that he would have been convicted of the lesser offense, as opposed to the greater offense, are pure speculation-speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead of the higher offense.  That speculation is insufficient to undermine our confidence in the outcome of his trial.

*Harris v. Crosby*, 151 F. App'x 736, 738 (llth Cir. 2005); *see also Bell v. McNeil,* 353 F. App'x 281, 286 (llth Cir. 2009)(concluding that the petitioner failed to demonstrate prejudice based on counsel's failure to request an instruction on the lesser-included offense because the petitioner had "not shown that the jury probably would have convicted him" of the lesser offense had counsel requested the instruction); *Magnotti v. Sec'y*, Dept. of Corr., 222 F. App'x 934, 940 (llth Cir. 2011)(court held that where evidence presented at trial was sufficient to sustain a conviction for robbery, even assuming that trial counsel was deficient in failing to request jury instructions on other lesser included offenses, that deficiency did not suggest that there was a reasonable probability that the outcome would have been different because the jury had sufficient evidence to find the petitioner guilty of the

greater offense of robbery.); *Jones v. Sec'y, Dept. of Corr.*, 2015 U.S. Dist. LEXIS 168216 (M.D. Fla., Dec. 16, 2015)(court held that where ample evidence was presented at trial establishing that the petitioner broke into the victim's home and took jewelry, a laptop computer, a DVD player, and other items, a reasonable probability did not exist that the jury would have convicted the petitioner of criminal trespass had an instruction been given on he permissive lesser-included offense.)

In the instant case, the undersigned finds that the record evidence was sufficient to convict Johnson of the greater offense. Specifically, the jury was presented with evidence showing that Johnson and the victim had a previous dating relationship and that on the day in question, he beat her repeatedly with his fist, kicked her while on the ground, struck her with a stool and an electric iron, choked her with the cord from the iron, bit her on her face, and stabbed in her side with a knife. (Doc. 6-14 at 11). There was also evidence that the victim taken to the emergency room and airlifted to another hospital (Doc. 6-4 at 162); that she required surgery to repair damage to her liver (*Id*. at 164); and that due to the blows to the left side of her face, she had her left eye removed and now wears a prosthetic eye (*Id*. at 163)). Additionally, the

State presented evidence (including testimony of the victim and investigating officers, photographs of the scene of the assault, knife, mallet, and iron used in the attack, and photographs of the wounds suffered by the parties) showing that dangerous instruments and/or deadly weapons were used to inflict serious physical injuries. (Docs. 6-4; 6-5; 6-14 at 11).   Against this backdrop of evidence, Johnson testified that he acted in self defense, that he only struck the victim with his fists two times, and bit her and that she was probably stabbed by the knife while they were tussling for it. (Doc. 6-5 at 3-7). Given the evidence of the deadly and/or dangerous weapons used, and the serious physical injuries sustained by the victim, the jury had ample evidence from which to conclude that Johnson acted with intent to cause serious physical injury to the victim, and did in fact cause serious physical injury to victim by means of a deadly weapon or a dangerous instrument and that he was guilty of the of the greater offense of first-degree domestic violence.   Accordingly, Johnson's ineffective assistance of counsel claim must fail.

Ground 2.  Failure to Properly Object to Hearsay Evidence.

Johnson's second claim, that his trial counsel was ineffective for failing to object to hearsay evidence which

was admitted under the business records exception, Ala. R. Evid. Rule 803(6), also falls short of establishing prejudice under the *Strickland* standard. (Doc. 1 at 7; Doc. 9 at 5-6). With respect to this claim, the Alabama Court of Criminal Appeals, on collateral review, found as follows:

> Johnson, in his Rule 32 petition, alleged that his trial counsel failed to properly object to the State's moving to admit an incident-and-offense report created by the Demopolis Police Department which contained a statement by a 13-year-old victim of second-degree rape, who claimed that Johnson—in addition to engaging in sexual intercourse with her—choked her and hit her in the side of the head and failed to object to the State eliciting information regarding a previous domestic-violence conviction.
>
> Although these facts, if true, are sufficient to satisfy his burden of pleading as to his trial counsel's deficient performance, Johnson's alleged facts do not satisfy his burden of pleading
>
>> "specific facts indicating that he. . . was prejudiced by the acts or omission, i.e., facts indicating 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[Strickland,]466 U.S. at 694, 104 S. Ct. 2052."
>
> Hyde, 950 So.2d at 355-56. That is, Johnson failed to allege facts demonstrating that had his trial counsel properly objected to the complained-of evidence, there is a "reasonable probability" that the result of the trial would have been different. Specifically, Johnson, in his Rule 32 petition, failed to articulate any facts demonstrating that he suffered prejudice in

light of the fact that the complained-of evidence
was introduced as rebuttal evidence after Johnson
had testified in his own behalf admitting that he
had been convicted of second-degree rape and
criminal mischief and also admitting, on cross-
examination, to some of the circumstances
surrounding those offenses[6]. Additionally, Johnson
failed to articulate facts demonstrating
prejudice given the overwhelming evidence of his
guilt at trial, including his admission that he
punched and stabbed Little, and fails to explain
how the exclusion of the complained- of evidence
would have resulted in the jury returning a
verdict other than guilty.

Moreover, Johnson, in his Rule 32 petition,
makes only a bare allegation that his trial
counsel's "[f]ailure to object. . .was plain
error and this conduct prejudiced [him]." (record
in CR-09-0112, C. 14)  This bare allegation is
insufficient to satisfy his burden of pleading.
Hyde, supra. Accordingly, the circuit court did
not err when it summarily dismissed this claim.

(Doc. 6-14 at 12-13.).

Based upon a review of record, the undersigned finds

that Johnson's claim is without merit.  The evidence

reflects that while testifying on direct examination,

Johnson acknowledged that he had been previously been

convicted of second degree rape and of criminal mischief in

the third degree. (Doc. 6-4 at 213). On cross-examination,

Johnson admitted that the rape victim was 13, but denied

that she had alleged that he choked her and had threatened

---

[6] We note that Johnson did deny that he committed the
offense of domestic violence when he was convicted of
criminal mischief and also denied that he choked and hit
the 13 year old victim of second-degree rape.

to kill her. (Doc. 6-4 at 13). He also admitted that his criminal mischief conviction involved him throwing a brick through the back window of another victim's car window, although he denied choking or threatening that victim. As part of its rebuttal case, the state offered two incident reports, generated in connection with the rape and criminal mischief investigations, through a police detective. (Doc. 6-5 at 34-46). Johnson's counsel objected to one report on the ground that the testifying detective did not have personal knowledge, and to the second one on the ground that it was not signed. The reports contained victims' allegations that Johnson had choked and threatened them. (*Id.*).

Johnson contends that his counsel was deficient in not objecting to the admission of these two reports because they contained hearsay and violated his Sixth Amendment right to cross-examine those making the statements. He further alleges that he was prejudiced because the reports suggested that he has a propensity to abuse women. As noted, the Alabama Court of Criminal Appeals held that while Johnson's allegations, if true, were sufficient to satisfy his burden of establishing deficient performance on the part of his counsel, he failed to allege facts that demonstrated that had his counsel properly objected, there

was a "reasonable probability" the result of the trial would have been different. (Doc. 6-14 at 12-13). In finding that Johnson had failed to present sufficient facts, the state court observed that the reports were introduced on rebuttal after Johnson had already admitted on direct examination by his counsel that he had been convicted of second degree rape and criminal mischief, and the admission of overwhelming evidence at trial that he punched and stabbed the victim in this case, and she suffered serious bodily injuries.

Based on he totality of the evidence presented, the undersigned finds that Johnson has failed to establish that the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of the *Strickland* standard, or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Indeed, while the incident reports at issue involved allegations of Johnson choking and threating the victims in those two incidents, and thus were similar to the allegations made in this case, the evidence of guilt was overwhelming in this case, even in the absence of the two incident reports. This is particularly true given testimony regarding Johnson's use of deadly and/or dangerous weapons, including

a knife, stool  and radio against the victim in this case,
and the severity of the serious bodily injuries, including
the loss of her left eye, that she sustained as a result of
the attack.  Plus, as noted, Johnson took the stand at
trial and admitted that he had been previously convicted of
raping a 13 year old  and of throwing a brick into the back
car window of another victim.  Given the overwhelming
evidence presented, Johnson failed to show that his
counsel's failure to object to the incident reports would
have likely produced a different result.  Thus, this claim
is due to be denied. *Evans v. Sec'y, Fla. Dep't of Corr.*,
699 F.3d 1249, 1270 (11th Cir. 2012) (Under *Strickland*,
petitioner must establish that"[t]he likelihood of a
different result must be substantial, not just
conceivable."); *Strickland*, 466 U.S. at 686 (In examining
prejudice, courts must determine "whether counsel's conduct
so underminded the proper functioning of the adversarial
process that the trial cannot be relied upon as having
produced a just result.").

Ground 3.  Filing of Meritless Direct Appeal.

Johnson contends that his appellate counsel filed a
meritless direct appeal brief, constructively denying
Johnson his right to counsel.  (Doc. 1 at 8; Doc. 7 at 7).
Persons convicted of a crime are entitled to effective

assistance of counsel on direct appeal. *Evitts v. Lucy*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Knight v. Duggar*, 863 F.2d 705, 744 (11th Cir. 1988) ("It is well established that a defendant has the right to effective counsel on appeal."). Like the performance of trial counsel, appellate counsel's performance is reviewed under the *Strickland* standard discussed above. Therefore, Johnson must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Appellate counsel is not required to raise every available non-frivolous ground for appeal; instead counsel must perform in a reasonably effective manner. *Evits*, 469 U.S. at 394; *see also Knight*, 863 F.2d at 744 (Appellate counsel's "failure to advance errors on appeal which later gain judicial recognition does not constitute ineffectiveness."). An ineffective assistance of counsel claim is examined under the "totality of the circumstances." *House v. Balcom*, 725 F.2d 608, 615 (11th Cir. 1984).

At issue in this petition is Johnson's claim that on direct appeal, his counsel filed a meritless brief raising two claims: (1) that hearsay evidence was improperly admitted under Rule 803(6)) and (2) the improper denial of

a jury instruction of self defense. (Doc. 9 at 7). While Johnson takes issue with the claims that were raised on direct appeal, he has not established that but for counsel's deficient performance, the result of his appeal would have been different. Moreover, his claim is conclusory because he does not assert what claims appellate counsel could or should have raised on direct appeal. *See Tejada v. Duggar*, 941 F.2d 1551, 1559 (11th Cir. 1991) (petitioner "must make allegations which, if true, would entitle him to relief). Because Johnson has failed to specifically identify the claims that he contends should have been raised by his appellate counsel, he cannot demonstrate deficient performance on the part of his appellate counsel. Moreover, Johnson has failed to demonstrate to this court how appellate counsel's failure to raise these unidentified claims caused him prejudice. Thus, without a showing of deficient performance or prejudice with regard to this claim, it is recommended that this claim be denied.

**III. Certificate of Appealability.**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules

27

Governing 2254 Cases (December 1, 2009).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a habeas petition is dismissed on procedural grounds, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).  Where a habeas petition is being denied on the merits, of an underlying constitutional claim, as in this case, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot* [*v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved
in a different manner or that the issues presented were
adequate to deserve encouragement to proceed further.")
(internal quotation marks omitted); accord *Miller-El v.
Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d
931 (2003). In the instant action, Johnson has failed to
show that the state courts rendered decisions that were
neither contrary to, nor an unreasonable applications of,
clearly established federal law. *See* 28 U.S.C. §
2254(d)(1).

None of Johnson's claims would warrant the issuance of
a Certificate of Appealability in this case. For the
reasons discussed above, Johnson has not carried his burden
of establishing ineffective assistance of counsel under the
stringent standard of *Strickland*. Specifically, Johnson
failed to show a reasonable likelihood that the outcome of
the trial would have been different had trial counsel
requested the jury be instructed on the lesser-included
offense of second-degree domestic violence, had counsel
objected to the admittance of hearsay evidence, and he
failed to show appellate counsel's performance was
deficient or prejudicial because he failed to identify the
claims he contends should have been raised on direct
appeal. Accordingly, the Court finds that the decision of

29

the Alabama Court of Criminal Appeals was a reasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Under the circumstances, reasonable jurists could not debate whether any of his claims should be resolved in a different manner or were adequate to deserve encouragement to proceed further on the merits. The recommendation that these claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability.

## IV. Conclusion.

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Johnson's petition for habeas corpus relief be denied, that this action be dismissed, and that judgment be entered in favor of the Respondent, and against the Petitioner, Michael Earl Johnson. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

    **DONE** this the **17th** day of **January, 2017.**

                                  **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**